UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMZAN ALI CHAUDHRY,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>Respondents. | No. 2:19-cv-00682-TLN-DMC<br><br><br><br>**ORDER** |

Petitioner Ramzan Ali Chaudhry ("Petitioner"), proceeding with retained counsel, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California Local Rule 302(c)(21).

On August 7, 2019, the magistrate judge filed findings and recommendations which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days after service of the findings and recommendations. (ECF No. 16.) On September 11, 2019, Respondents filed the "Government's Objections to Magistrate Judge's Findings and Recommendations" (ECF No. 20), which have been considered by the Court. On February 25, 2020, Respondents filed the "United States' Status Update; Renewed Motion to Dismiss." (ECF No. 21.) No further response has been submitted by Petitioner.

1

This Court reviews *de novo* those portions of the proposed findings of fact to which objections have been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, and good cause appearing, the Court finds that it is appropriate to adopt in part and reject in part the Findings and Recommendations for the reasons stated herein.

Petitioner initiated his first petition for writ of habeas corpus before another court in the Eastern District on February 20, 2019, seemingly challenging the merits of his final removal order after the Ninth Circuit denied review of the Immigration Judge's denial of his initial application for asylum and emergency motion for stay of deportation.[1] (*See* ECF No. 16 at 2); *Chaudhry v. Barr*, No. 2:19-cv-00327-JAM-GGH (E.D. Cal. 2019), ECF No. 1. The court dismissed that petition for lack of jurisdiction. *Id.* at ECF Nos. 6, 8–9.

On April 22, 2019, Petitioner initiated his second Petition for Writ of Habeas Corpus, as well as a Motion for Preliminary Injunction ("PI"), before this Court. (ECF Nos. 1, 3.) Construing the Motion for PI as a Motion for a Temporary Restraining Order, the Court granted the Motion on May 7, 2019, and ordered Respondents to show cause why Petitioner's PI should not be granted. (ECF No. 5.) In response to the order to show cause, Respondents filed a "Motion to Dismiss for Mootness; Response to Order to Show Cause," in which they sought dismissal on the basis that Petitioner had already been released from immigration detention and removed from the United States on April 23, 2019. (*See* ECF No. 7.) Petitioner opposed the

---

[1] Petitioner also filed a motion to reopen based on changed country conditions with the Board of Immigration Appeals ("BIA"), as well as an emergency motion for stay of deportation. (*See* ECF No. 16 at 2.) The BIA denied the emergency motion for stay, and the Ninth Circuit dismissed the appeal of the BIA's denial because the denial of a stay is not a final order of removal. (*Id.*) However, the motion to reopen remained pending. (*Id.*)

1  Motion and provided a status report to the Court indicating he is in hiding in Pakistan and
2  surviving on money sent from his family in the United States while he awaits the BIA's ruling on
3  his motion to reopen.  (*See* ECF No. 11.)  Thereafter, the magistrate judge ordered the parties to
4  submit supplemental briefing on the issues of subject matter jurisdiction and whether Petitioner's
5  deportation rendered the case moot.  (*See* ECF No. 12.)  On August 7, 2019, the magistrate judge
6  issued the Findings and Recommendations currently under review.  (ECF No. 16.)
7        As to the jurisdictional issue, the magistrate judge found that: (1) there exists a procedural
8  gap in the statutory framework of immigration proceedings in which an alien who exercises his
9  statutory right to file a motion to reopen but is not granted a stay of removal pending resolution of
10 that motion remains vulnerable to imminent or actual deportation; (2) this procedural gap gives
11 rise to potential due process violations because, as here, the alien would be denied an opportunity
12 to be heard and therefore unable to meaningfully present his motion before the immigration court;
13 and (3) a district court may exercise jurisdiction over a petition asserting due process claims
14 arising from such circumstances, as it is deemed to be a "general collateral challenge[] to
15 unconstitutional practices and policies used by the agency" and not a direct challenge to the
16 merits of the immigration claim; and because (4) if the court had no jurisdiction to hear this case,
17 Petitioner would have no adequate and effective remedy under the statutory framework to combat
18 the ongoing due process deprivation of his statutory right to move to reopen his case.  (*See id.* at
19 5–15 (citing *Mata v. Lynch*, 135 S. Ct. 2150, 2153 (2015); *Sied v. Nielsen*, No. 17-6785-LB, 2018
20 WL 1142202, at *7–9, 11, 21 (N.D. Cal. Mar. 2, 2018), *appeal dismissed*, No. 18-16128, 2018
21 WL 6624692 (9th Cir. Sept. 14, 2018); *Devitri v. Cronen*, 290 F. Supp. 3d 86, 92–93 (D. Mass.
22 2017); *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1118 (9th Cir. 2001)).)
23       As to the mootness issue, the magistrate judge found the Petition was not rendered moot
24 solely as a consequence of Petitioner's deportation because the Petition was filed while Petitioner
25 was in custody and Petitioner continued to suffer "collateral consequences" of his removal that
26 were redressable by the relief sought in the Petition.  (ECF No. 16 at 15–24 (citing *Abdala v.*
27 *I.N.S.*, 488 F.3d 1061, 1063–65 (9th Cir. 2007)).)  Namely, Petitioner's inability to reasonably
28 pursue his motion to reopen with the BIA would be redressed by an order mandating Petitioner be

1  returned to the United States in order to appear before the BIA on his motion.  (*See id*. at 23.)
2  The magistrate judge further recognized that such an order would not directly address the ten-year
3  reentry bar Petitioner faces, but it would give Petitioner access to the BIA, the agency empowered
4  to remove the ten-year bar.  (*Id.*)  Based on these findings, the magistrate judge recommended
5  Respondents' Motion to Dismiss be denied, Respondents be ordered to parole Petitioner back to
6  the United States, and a PI be issued enjoining Petitioner's removal from the United States until
7  either: (a) a final non-appealable decision vacating Petitioner's removal order is issued; (b)
8  Petitioner fails to timely petition the Ninth Circuit for review of a final adverse ruling from the
9  BIA on his motion to reopen and file a simultaneous motion to stay removal; or (c) the Ninth
10 Circuit renders a decision on a motion to stay removal.  (*See id*. at 25–26.)
11         Subsequent to their Objections, on February 25, 2020, Respondents filed the "United
12 States' Status Update; Renewed Motion to Dismiss," indicating new developments in Petitioner's
13 BIA case.  (ECF No. 21.)  Specifically, Respondents note the BIA denied Petitioner's motion to
14 reopen on January 29, 2020, and Petitioner has no further matters pending before the immigration
15 court.  (*Id.* at 1–2.)  Respondents have renewed their Motion to Dismiss for mootness based on
16 this additional ground.  (*See id.*)
17         The Court adopts the magistrate judge's findings that it may exercise jurisdiction over the
18 Petition.  The Court further adopts the finding that the Petition was not rendered moot by the
19 mere fact that Petitioner was already deported because redressable collateral consequences
20 resulted from the deportation.  Moreover, the Court agrees that the recommendations would
21 redress the "collateral consequences" of Petitioner's removal, *i.e.*, his inability to reasonably
22 pursue his motion to reopen with the BIA and (derivatively) the statutory bar preventing him from
23 reentering the United States for ten years.
24         Nonetheless, even while the Court generally agrees with the whole of the magistrate
25 judge's findings, Respondents correctly note in their supplemental briefing that the purpose and
26 basis for these recommendations — specifically, to parole Petitioner back to the United States in
27 order to permit him to be reasonably heard on his motion to reopen — has been rendered moot by
28 the BIA's subsequent denial of Petitioner's motion to reopen.  (ECF No. 21.)  Moreover, based on

Respondents' representation that Petitioner has no other litigation related to his motion to reopen or asylum claim pending (*id.* at 2), it appears Petitioner also has no appeals of any BIA denials pending before the Ninth Circuit. As such, this Court agrees that no further relief can be granted here. Therefore, the Court rejects the Findings and Recommendations to the extent that it finds dismissal for mootness is appropriate at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed August 7, 2019 (ECF No. 16), are adopted in part and rejected in part as follows:

    a. Respondents' Motion to Dismiss for Mootness; Response to Order to Show Cause (ECF No. 7) is DENIED;

    b. Respondents' Renewed Motion to Dismiss based on the United States' Status Update (ECF No. 21) is GRANTED; and

    c. The Petition (ECF No. 1) and Motion for Preliminary Injunction (ECF No. 3) are DISMISSED as moot.

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: February 12, 2021

Troy L. Nunley
United States District Judge